UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIO CANOY,                                    Case No.: 22-10695
      Plaintiff,
v.                                              Bernard A. Friedman
                                                United States District Judge

STATE OF MICHIGAN, D.P.D.,
and M.S.P.,                                     Curtis Ivy, Jr.
      Defendants.                          United States Magistrate Judge
_____/

**REPORT AND RECOMMENDATION:
SCREENING OF COMPLAINT**

## I.   PROCEDURAL HISTORY

Plaintiff Dario Canoy filed this *pro se* complaint on March 25, 2022.  (ECF

No. 1).  Plaintiff was granted leave to proceed *in forma pauperis*.  (ECF No. 5).

This case was referred to the undersigned for all pretrial matters.  (ECF No. 10).

On May 9, 2022, summonses were issued for defendants D.P.D. and M.S.P., but a

summons was not issued for the State of Michigan because Plaintiff did not submit

service documents for this defendant.  (ECF No. 7).  Before addressing any service

of process issues, the undersigned will screen Plaintiff's complaint pursuant to 28

U.S.C. § 1915(e).

For the reasons discussed below, the undersigned recommends that the complaint be dismissed without prejudice and Plaintiff be given an opportunity to amend the complaint.

## II.    ANALYSIS AND RECOMMENDATIONS

A.    Legal Standards

When a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  The court's ability to sua sponte review and dismiss claims filed *in forma pauperis* applies to both prisoner and nonprisoner litigants.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by *Jones v. Brock*, 549 U.S. 199 (2007) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2)."); accord *U.S. ex. Rel. Donaldson v. Conservation Res. All.*, 2006 WL 695674, at *6 (E.D. Mich. March 14, 2006); *Gebremariam v. City of Nashville Police Dep't*, 2016 WL 2854362, at *1 (M.D. Tenn. May 16, 2016).

The dismissal standard of Federal Rule of Civil Procedure 12(b)(6) described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure to state a claim under § 1915(e)(2).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.

2010).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  That said, even in pleadings drafted by pro se parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police*

*Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

    B.    <u>Discussion</u>

Plaintiff's complaint does not meet the minimal pleading standards required to litigate in this Court.  It is difficult to discern any claims of violation of federal law and the factual bases of any such claims.

To begin, it does not appear Plaintiff intended to name the State of Michigan as a defendant.  In the list of defendants as parties to the complaint, Plaintiff listed only D.P.D. and M.S.P.  (ECF No. 1, PageID.2).  The undersigned assumes these are references to the Detroit Police Department and Michigan State Police.  The State of Michigan was not listed as a defendant or named anywhere except for the caption.

Plaintiff states that the Court has federal question jurisdiction, as he alleges violations of 18 U.S.C. § 241, "Fourth Amendment rights, made false statements, and harassment."  (*Id.* at PageId.4).  He wrote that he lost work, a chance to move, and lost money in his business.  The statement of the claim reads, in full:

> Due to the lack of real police work these two departments
> cost me a trucking job, a chance to move and sale [sic]
> my house, and also one officer mentioned GM, and the
> other auto's [sic] so it seemed like to me this was a way

to keep my auto business here in Michigan which costed
[sic] me 3.5 million.

(*Id.* at PageID.5).  He asserts $5 million in damages and requests restoration of his

driver's license and return of his plate, presumably a license plate.  (*Id.* at

PageID.6).  There are no further allegations in the complaint.

A complaint must contain more than labels or conclusions.  It must have

enough factual content to allow the Court to draw the reasonable inference that the

defendant is liable for the conduct alleged.  As it stands, the undersigned cannot

draw a reasonable inference that the defendants are liable for violating state or

federal law.  Plaintiff offered only the bare statement that certain laws or rights

were violated with no attempt at factual development.  This cannot put the

defendants on notice of the claims against them.  Further, "18 U.S.C. § 241 does

not expressly grant a private right of action," as it is a criminal statute.  *Flood v.*

*Reed*, 2017 WL 1021364, at *4 (S.D. Ohio Mar. 16, 2017) (collecting cases).

Plaintiff's complaint should be dismissed without prejudice and Plaintiff

should be given one opportunity to file an amended complaint that conforms to the

Federal Rules of Civil Procedure and provides sufficient factual background to

meet the pleading standards.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.  If this

recommendation is adopted, the undersigned recommends that Plaintiff be given an opportunity to file an amended complaint that gives notice of his claims and conforms with the Federal Rules of Civil Procedure within 21 days of the Order.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

    Date:  June 13, 2022             s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 13, 2022.

                                          s/Kristen MacKay
                                          Case Manager
                                          (810) 341-7850