UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIO CANOY,                                    Case No.: 22-10695
          Plaintiff,
v.                                              Bernard A. Friedman
                                                United States District Judge
D.P.D., and M.S.P.,
          Defendants.                           Curtis Ivy, Jr.
_____/                      United States Magistrate Judge


**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO
DISMISS (ECF Nos. 24, 25) AND PLAINTIFF'S MOTION (ECF No. 27)**

## I.   PROCEDURAL HISTORY

Plaintiff Dario Canoy filed this *pro se* complaint on March 25, 2022.  (ECF

No. 1).  He named "D.P.D.," the Detroit Police Department, and "M.S.P.,"

Michigan State Police, as defendants.  Plaintiff was granted leave to proceed *in

forma pauperis*.  (ECF No. 5).  This case was referred to the undersigned for all

pretrial matters.  (ECF No. 10).

The undersigned issued a report and recommendation screening Plaintiff's

complaint pursuant to 28 U.S.C. § 1915(e)(2) on June 13, 2022.  (ECF No. 12).

The recommendation to dismiss Plaintiff's complaint without prejudice and allow

him an opportunity to file an amended complaint was adopted.  (ECF No. 22).

Plaintiff filed an amended complaint on July 15, 2022.  (ECF No. 23).  Defendants

MSP and DPD separately moved to dismiss the amended complaint.  (ECF No. 24,

25).  Plaintiff responded to the motions (ECF No. 26) and moved to strike the motions (ECF No. 27).

For the reasons discussed below, the undersigned recommends that Plaintiff's amended complaint be **DISMISSED WITH PREJUDICE** and Plaintiff's motion to strike be **DEEMED MOOT**.

## II.    ANALYSIS AND RECOMMENDATIONS

### A.    Legal Standards – Screening and Motions to Dismiss

When a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The court's ability to sua sponte review and dismiss claims filed *in forma pauperis* applies to both prisoner and nonprisoner litigants.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by *Jones v. Brock*, 549 U.S. 199 (2007) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2)."); accord *U.S. ex. Rel. Donaldson v. Conservation Res. All.*, 2006 WL 695674, at *6 (E.D. Mich. March 14, 2006); *Gebremariam v. City of Nashville Police Dep't*, 2016 WL 2854362, at *1 (M.D. Tenn. May 16, 2016).

The dismissal standard of Federal Rule of Civil Procedure 12(b)(6) described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure to state a claim under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, even in pleadings drafted by pro se parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.

1989)).  "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'"  *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

B.  <u>Discussion</u>

1.  Screening Amended Complaint

Because Plaintiff is proceeding *in forma pauperis*, his complaint and any amended complaints are subject to screening under 28 U.S.C. § 1915(e).  The screening process was created to identify any frivolous claims or for which relief cannot be granted and to dismiss those claims.  The undersigned screened Plaintiff's original complaint and determined that it should be dismissed without prejudice because Plaintiff did not provide sufficient factual allegations to put the defendants on notice of the claims against them.  (ECF No. 12).  Plaintiff alleged, in full,

> Due to the lack of real police work these two departments cost me a trucking job, a chance to move and sale [sic] my house, and also one officer mentioned GM, and the other auto's [sic] so it seemed like to me this was a way to keep my auto business here in Michigan which costed [sic] me 3.5 million.

4

(*Id.* at PageID.37-38).  As the undersigned explained, a complaint must contain more than labels or conclusions.  The undersigned recommended that Plaintiff be given an opportunity to file an amended complaint, which he did.

The amended complaint fares no better than the original complaint.  The statement of his claim reads, in full:

> 1.      Jurisdiction is based on diversity of citizenship and federal question.  The amount in controversy exceeds 75,000.
> 2.      This Court has supplemental jurisdiction over Plaintiffs' [sic] state law claims arising under the statutory and common law pursuant to 28 U.S.C. 1338(b), because those claims are joined with substantial and related claims under federal law.  The court also has subject matter jurisdiction over those claims to [sic] 28 U.S.C. 1367, because Plaintiffs' [sic] state law claims are interrelated with Plaintiffs' [sic] federal claims and arise from common nucleus of operative facts such that the adjudication of Plaintiffs' [sic] state law claims with Plaintiffs' [sic] federal claim further the [incomplete]

(ECF No. 23, PageID.106).   The last few words of the last sentence were cut off. Defendant MSP pointed this out (ECF No. 24, PageID.113), but Plaintiff did not address the cut-off sentence in any of his later filings.  Based on the context, it appears those words relate to his assertion of supplemental jurisdiction.

Plaintiff seeks $3.5 million in damages for the loss of his car rights, housing rights, and wages.

Plainly, the jurisdictional allegations do not give the defendants notice of the claims raised against them.  Plaintiff listed the Fourth and Eleventh Amendments to the United States Constitution among the bases for federal question jurisdiction, but there are no allegations, accepted as true, that state a viable federal claim to relief plausible on its face.  For this reason, the undersigned suggests the amended complaint be dismissed with prejudice.

2.    Motions to Dismiss

Despite the recommendation to dismiss the amended complaint for failure to state a claim, the undersigned will address the defendants' motions to dismiss.  In doing so, the undersigned takes a liberal view of Plaintiff's submissions in response or relation to the motions to dismiss, which contain some factual allegations.[1]  But even considering those facts, the motions to dismiss should, in the alternative, be granted and the amended complaint should be dismissed.

---

[1] Generally, this court is limited to the facts and legal claims as raised in the pleadings; as a result, the new facts asserted in plaintiffs' response to the motions to dismiss are not part of the lawsuit and the court should not consider them.  *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541–42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34 ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")); *D.H. v. Matti*, 2016 WL 5843805, at *1 (W.D. Ky. Sept. 30, 2016) ("Once again, Plaintiff's counsel has used her responses to the present motions to dismiss to assert additional factual allegations, which the Court may not consider."); *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) ("Ordinarily, when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss.").  On the other hand, some courts in this Circuit elect to consider the additional information as a supplement to the complaint when the plaintiff is proceeding *pro se.  See Coleman v. Gullet*, 2012 WL 5986779, at *11 (E.D. Mich.

Before addressing Plaintiff's submissions, the undersigned agrees with MSP that it is entitled to Eleventh Amendment immunity.

States and their departments and agencies are immune from suit in the federal courts, unless the state has waived its sovereign immunity or Congress has expressly abrogated that immunity by statute, regardless of the type of relief requested. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986). Defendant MSP is an agency of the State of Michigan, protected by sovereign immunity. *See Lavrack v. City of Oak Park*, 1999 WL 801562, at *2 (6th Cir. Sept.28, 1999); *see also Scott v. Michigan*, 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001) (finding that the Michigan State Police is an arm of the state of Michigan entitled to Eleventh Amendment immunity); *Jones v. Robinson*, 2012 WL 3308292 (E.D. Mich. Aug.13, 2012) (also finding Michigan State Police Department is a state agency immune from suit under § 1983).

_____

Sept. 4, 2012), *report and recommendation adopted*, 2012 WL 5986679 (E.D. Mich. Nov. 29, 2012) (construing *pro se* plaintiff's allegations in response to motion for summary judgment as supplement to the complaint); *Dimov v. EMC Mortg. Corp.*, 2010 WL 2506717, at *1 n. 1, 2 (E.D. Tenn. June 17, 2010) ("In his response to [Defendant's] motion to dismiss, Plaintiff supplemented factual allegations in the complaint with some additional details. . . . [G]iven the liberal pleading standard in cases filed *pro se*, the Court will consider these additional factual allegations and construe them, along with the amended complaint, in the light most favorable to Plaintiff.").

Because MSP is an arm of the State, and the State is immune from suit in this Court, MSP's motion should be granted and it should be dismissed, regardless of the claims raised against it.  Defendant DPD is now the remaining defendant.

DPD correctly argues that is it entitled to dismissal because the amended complaint makes no discernable allegations that would give rise to a cause of action under federal law.  (ECF No. 25).  After DPD moved to dismiss, Plaintiff filed a response to the motion, a motion to strike, and a document.

In response to the motions, Plaintiff argues that evidence will show the officers acted outside the scope of their authority.  He states that DPD issued him a ticket for not having identification and for presumably having an expired license plate.[2]  This ticket gave MSP the right to search his vehicle.  He adds that a Federal Bureau of Investigation and DPD informant murdered his cousin.  The officer who issued the ticket told him the ticket was for "GM and Ford."  Plaintiff believes the ticket was part of a scheme to prevent him from engaging in business ventures. (ECF No. 26, PageID.136-37).

In his "Motion to Strike and Answer to Dismissal," Plaintiff asserts that MSP and DPD colluded to violate his rights by making false statements to intimidate him for speaking up against corporate and police corruption.  (ECF No. 27, PageID.140).  He states that evidence already submitted to the Court shows

---

[2] Plaintiff references the license plate as a "tag."

that he paid the fees to expunge traffic violations (there is no evidence connected to traffic tickets on the record), but he was still harassed and threatened.  He asserts that an unspecified officer searched his car during the traffic stop and told him that he had pending traffic tickets from DPD.  (*Id.*).

Finally, the last submission is an email, presumably to Plaintiff, from the Detroit Land Bank Authority, dated August 5, 2022, explaining that he had 15 days to prove that he made required improvements to real estate or else the Land Bank would act to resume ownership of the property.  (ECF No. 28).  The connection between the email and this case is unclear.

These documents do not give rise to a plausible claim to relief against DPD.

First, the claim against the police department would not withstand a motion to dismiss because it is not a separate entity that can be sued under 42 U.S.C. § 1983.[3]  The Sixth Circuit has held that "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc*., 32 F.3d 989, 992 n. 1 (6th Cir. 1994) (citing *Moomey v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980); *see also Boykin v. Van Buren Twp*., 479 F.3d 444, 450 (6th Cir. 2007) ("Van Buren Township Police Department is subsumed within Van

---

[3] Plaintiff did not cite § 1983 in the amended complaint, but as § 1983 is the vehicle by which citizens can sue local government entities, the undersigned construes the claims as raised pursuant to the statute.

Buren Township as a municipal entity to be sued under § 1983, and thus the Police

Department was improperly included as a separate defendant in Boykin's suit.").

Second, even if the complaint were properly raised against DPD, Plaintiff

did not plead or provide facts, anywhere, that state a plausible municipal liability

claim. "A plaintiff who sues a municipality for a constitutional violation under

§ 1983 must prove that the municipality's policy or custom caused the alleged

injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)

(citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91

(1978)). In *Monell*, the Supreme Court held that municipalities are "persons"

subject to suit under § 1983. 436 U.S. at 700-01. However, such a claim may be

brought only when "execution of a government's policy or custom, whether made

by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury that the government as an entity is responsible

under § 1983." *Id*. at 694.

The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a

plaintiff "must identify the policy, connect the policy to the city itself and show

that the particular injury was incurred because of the execution of that

policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal

citations and quotations omitted). For these reasons, to succeed on a *Monell* claim,

a plaintiff must first allege that the municipality itself caused a constitutional

tort.  *Monell*, 436 U.S. 658 at 691.  "A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Id*.  Second, a plaintiff must show that the alleged conduct qualifies as a policy.  *Monell* municipal liability may attach where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Id*. at 690.  *Monell* liability may also attach when a plaintiff alleges "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  *Id*. at 690-91.  A plaintiff must claim that "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).  Third, a plaintiff must show causation.  In other words, a plaintiff must connect the policy to the particular injury alleged.

Plaintiff did not make any of the required allegations against DPD.  Thus, DPD should be dismissed either by granting its motion to dismiss the amended complaint or by screening of the amended complaint and dismissing all claims within it.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED WITH PREJUDICE** and Plaintiff's motion to strike should be **DEEMED MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 28, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 28, 2022.

s/Kristen MacKay
Case Manager
(810) 341-7850